UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KARA BOYD, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 14-932 JPG/PMF |
| | ) |
| HORAS, RADICE and KELLETT, LLC, | ) |
| *now known as* HR Law Firm LLC, and | ) |
| TIMOTHY KELLETT, | ) |
| | ) |
|       Defendants. | |

## MEMORANDUM AND ORDER

In light of Seventh Circuit Court of Appeals admonitions, *see Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (noting courts' "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it"). The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Horas, Radice and Kellett, LLC:

**Failure to allege the citizenship of each member of an unincorporated association.**

> To determine if complete diversity exists, the Court must examine the citizenship of each member of a limited liability company. *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). The relevant pleading must affirmatively allege the specific states of citizenship of each member of the limited liability company, and "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The Notice of Removal states the principal place of business for Horas, Radice and Kellett, LLC but does not plead the citizenship of each of the LLC's members.

The Court hereby **ORDERS** that defendant Horas, Radice and Kellett, LLC shall have up to and including September 9, 2014 to amend the faulty pleading to correct the

jurisdictional defect.  *See* 28 U.S.C. § 1653.  Failure to amend the faulty pleading may result in remand of this case for lack of subject matter jurisdiction.  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Defendant Horas, Radice and Kellett, LLC, is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED: August 27, 2014**

                                        *s/J. Phil Gilbert*
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**